UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Dontae Mathis, | Case No.: 2:23-cv-00935-JAD-EJY |
| Plaintiff | |
| v. | **Order Dismissing Complaint Without Prejudice and Related Matters** |
| Julie Williams, et al. | |
| Defendants | |

Pro se plaintiff Dontae Mathis initiated this action on June 13, 2023, by submitting a civil-rights complaint under 42 U.S.C. § 1983.[1] But Mathis did not pay the $402 filing fee or apply to proceed *in forma pauperis* (IFP) in this action.[2] So on July 18, 2023, Magistrate Judge Youchah ordered him to either pay the filing fee or file an IFP application by August 18, 2023.[3] That deadline expired and Mathis has not paid the fee, filed an IFP application, or otherwise responded to Judge Youchah's order. At least he hasn't responded in this action.

It turns out that Mathis initiated a second civil-rights action on June 13, 2023, that is styled *Mathis v. Julie Williams*, Case No. 2:23-cv-00936-GMN-NJK (*Mathis II*).[4] On August 2, 2023, Mathis filed a notice in *Mathis II* stating that he received Judge Youchah's order in this action, but it did not bear the "correct" case number—the case number for *Mathis II*—and included an IFP application that had been filed by a plaintiff in a different action bearing Case

---

[1] ECF No. 1-1.

[2] *See* ECF No. 1.

[3] ECF No. 3.

[4] Although Julie Williams is the first defendant named in both actions, a discrete complaint alleging different constitutional violations was filed in each action.

No. 2:23-cv-00885-GMN-VCF.[5] Mathis said that he was confused and asked the court to clarify and correct its orders. After examining the cases' dockets, Magistrate Judge Koppe entered an order in *Mathis II* stating that she found no obvious filing error, but instructed the Clerk of the Court to send Mathis courtesy copies of the docket sheets in both cases, and invited Mathis to file a more specific motion about the purported filing errors.[6]

On August 16, 2023, Mathis filed a motion for clarification in *Mathis II*, explaining (with exhibits) that the "rogue" IFP application he received with Judge Youchah's order had been docketed in this action at ECF No. 3-1.[7] Upon closer review, it appears that an internal docketing error caused another plaintiff's IFP application to be filed in this action. That error has now been corrected on the docket in this action. Mathis can therefore disregard the other plaintiff's IFP application that was erroneously filed in this action.

But Mathis cannot ignore this action completely. Although he argues in *Mathis II* that this action is not his and he has only one case against Julie Williams,[8] a complaint was filed in this action that is not the product of a court filing error.[9] I suspect Mathis's confusion stems from the fact that another person prepared the complaints in both cases. When the court initially reviewed Mathis's complaint in this action, it appeared to have been dated and signed by Mathis, albeit on the wrong line.[10] Having compared the complaint filed in this action with the

---

[5] *Mathis II*, ECF No. 5.
[6] *Mathis II*, ECF No. 6.
[7] *Mathis II*, ECF No. 7 at 3.
[8] *Id.* at 1.
[9] *See* ECF No. 1-1.
[10] *See* ECF No. 1-1 at 6.

complaint and motion filed in *Mathis II*, I am no longer satisfied that Mathis personally signed the complaint in this action.[11]

Federal Rule of Civil Procedure 11(a) states that a plaintiff like Mathis who is not represented by counsel must personally sign his own complaint. I cannot consider Mathis's complaint in this action because he did not sign it. And it appears that Mathis is not aware of the complaint in this action and might not want to pursue claims in this case. I therefore dismiss the complaint in its entirety and grant Mathis an extension of time to elect how he intends to proceed in this action. If Mathis wants to keep this case number going, he must file an amended complaint, signed by him, and either pay the $402 filing fee or a submit an application to proceed *in forma pauperis*. If he chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[12] This means the amended complaint must contain all claims, defendants, and factual allegations that Mathis wishes to pursue in this action. **Submission of a mere signature page will not be sufficient.** If Mathis instead wants to abandon this case, he must file a notice under Federal Rule of Civil Procedure 41(a)(1)(A)(i) voluntarily dismissing this action without prejudice.

## Conclusion

IT IS THEREFORE ORDERED that the complaint (**ECF No. 1-1) is DISMISSED without prejudice and with leave to amend**.

IT IS FURTHER ORDERED that the plaintiff has **until September 20, 2023, to either** (1) file a signed and dated first amended complaint and either pay the full $402 filing fee or

---

[11] *Compare* ECF No. 1-1 at 6, *with Mathis II*, ECF No. 1-1 at 5, *and Mathis II*, ECF No. 7 at 1.
[12] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

apply for *in forma pauperis* status **or** (2) file a notice under Federal Rule of Civil Procedure 41(a)(1)(A)(i) voluntarily dismissing this action without prejudice.

If the plaintiff chooses to file an amended complaint, he must use this court's approved prisoner civil-rights form and title it "First Amended Complaint."

This action will be subject to dismissal without prejudice and closure if the plaintiff fails to timely comply with this order. A dismissal without prejudice allows the plaintiff to file the case with the court, under a new case number, when he can file a signed complaint and either pay the required filing fee or apply for pauper status.

The Clerk of the Court is directed to **FILE** the complaint and exhibits (ECF No. 1-1) and **SEND** plaintiff Dontae Mathis (1) the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same, (2) the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same, (3) a courtesy copy of his complaint and exhibits in this action (ECF No. 1-1), and (4) a courtesy copy of his complaint and exhibits in the action styled *Mathis v. Williams*, Case No. 2:23-cv-00936-GMN-NJK (ECF No. 1-1).

Dated: August 21, 2023

_____
U.S. District Judge